IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER COLETTA, | ) | |
| | ) | Civil Action No. 18-cv-04014 |
| PLAINTIFF, | ) | |
| | ) | Hon. Robert W. Gettleman |
| v. | ) | |
| | ) | Magistrate Judge Daniel G. Martin |
| ALLIED INTERSTATE, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Now comes Plaintiff, Jennifer Coletta ("Plaintiff"), by and through his attorneys, and for his Response to Defendant's Motion to Dismiss, states as follows:

**INTRODUCTION**

Defendant Allied Interstate, LLC ("Defendant" or "Allied") seeks to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6), claiming that Plaintiff has not stated a claim under which relief can be granted. Defendant claims that Plaintiff has failed to show that Defendant has violated the Fair Debt Collection Practices Act ("FDCPA") by making a false, material misrepresentation of the character of Plaintiff's debt when Allied falsely implied that fees, interest, and collection costs could be applied to Plaintiff's account. (Dkt. #10, Defendant Allied's Motion to Dismiss, pp. 1-3). Defendant claims that its inclusion of the itemized account listing in its collection letter would not mislead the unsophisticated consumer because it was correct information. (Dkt. #10, pp. 5-6).

Allied, however, never intended to add any fees or collection costs to Plaintiff's account. (Dkt. #10, p. 1). In fact, no collection costs or other charges were accruing on the account when Defendant sent its collection letter to Plaintiff. (Dkt. #10, p. 1). However, by listing these

1

categories with zero balances in the letter, Defendant attempted to coerce Plaintiff to pay the balance in full by making him afraid that these charges could possibly begin to accrue if he did not pay immediately. This is a material misrepresentation because it would lead a consumer to alter his course of action in his decision-making process. *See Lox v. CDA, Ltd.*, 689 F.3d 818, 827 (7th Cir. 2012).

Defendant purports to cite authority to support its arguments, however, the authority does not support Defendant's claim and its motion must be denied.

## **STANDARD**

A Rule 12(b)(6) motion tests the sufficiency of the complaint, not the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court reviews all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993). Documents which are referred to in a complaint and are central to a claim, as well as any matters of public record, may be considered on a motion to dismiss. *Albany Bank v. Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 971 (7th Cir. 2002); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). To survive a motion to dismiss, a complaint must contain sufficient facts to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

Dismissal is only warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (*Conley*). The "suit should not be dismissed if it is

possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Village of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

The FDCPA "is a strict liability statute, and debt collectors whose conduct falls short of its requirements are liable irrespective of their intentions." *Ruth v. Triumph P'ships*, 577 F.3d 790, 805 (7th Cir. 2009).

## ARGUMENT

**I. The Listed Fees, Interest, and Collection Costs Columns in Defendant's Collection Letter Gave Misleading Impression That They Could Possibly Begin to Accrue on Plaintiff's Account.**

Defendant Allied has violated 15 U.S.C. §§ 1692e *et. al.*, of the FDCPA by falsely implying that additional charges could be added to Plaintiff's account ("alleged debt") by including column headers that included fees, interest, and collection costs with zero balances in its collection letter. Defendant should not have included these columns because it gave the impression that fees and collection costs could accrue on Plaintiff's account ("alleged debt") when Allied had no intention of applying said fees in the first place. "[I]t is improper under the FDCPA to imply that certain outcomes might befall a delinquent debtor when, legally, those outcomes cannot come to pass." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (citing *Ruth v. Triumph P'ships*, 577 F.3d 790, 801 (7th Cir. 2009); *Gonzales*, 660 F.3d at 1063).

Defendant argues in its Motion that the itemized account listing in its collection letter is not deceptive or misleading because it "simply states" the amount owed. (Dkt. #18, p. 5). Defendant attempts to support its argument with various case law from the Seventh Circuit. However, the cases Defendant seeks to rely upon are all misapplied to the instant case. First, Allied asserts that its letter complies with the FDCPA because it used language consistent with *Chuway* in this instance when it sought to collect a fixed amount from Plaintiff. *See Chuway v. National*

3

*Action Financial Services, Inc.*, 362 F.3d 944 (7th Cir. 2004). The *Chuway* court stated that debt collectors who seek to collect on a finite amount should just state the balance and "stop there" instead of mentioning a "current" balance. *Id.* at 949. However, Allied did not "stop there" in its letter. Allied decided to go beyond listing the requisite $1,946.95 amount in the letter and needlessly listed categorical columns for interest, fees, and collection costs as well. This is not in accordance with the court in *Chuway*. The letter at issue there did not contain an itemized listing of various zero balance charges. Rather, at issue was the debt collector listing a specific amount and then directing the debtor to call a number for the "most current balance." *Id.* at 947. The court ultimately found that including this statement was confusing. *Id.* at 948. Defendant cannot claim that its letter "simply" stated the amount due on the alleged debt in the letter when it included six additional fee columns beyond the balance it sought. Despite the fact that the additional charges had zero balances, Defendant did not "stop" after listing Plaintiff's total balance of $1,946.95 as *Chuway* commands. Thus, Defendant's argument must fail.

Further, it is Plaintiff's stance that the extra categories listed by Defendant gives a similar impression of a possible varying balance as the "current balance" language contained in *Chuway*. Defendant never intended on collecting additional charges on Plaintiff's account. (Dkt. 10, p. 1). Therefore, under *Chuway*, there was absolutely no need to include the five extra additional charge categories. Even with zero balances, this could imply to the unsophisticated consumer that fees and collection charges could possibly be added in the future even if none were applied at the time of collection. The letter is silent in stating that these fees would *never* apply, thus leaving the door open for an incorrect interpretation by the unsophisticated consumer. "When language in a debt collection letter can reasonably be interpreted to imply that the debt collector will take action it has no intention or ability to undertake, the debt collector that fails to clarify that ambiguity does

4

so at its peril." *Lox v. CDA, Ltd.*, 689 F.3d 818, 825 (7th Cir. 2012) (quoting *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1063 (9th Cir. 2011)). Thus, the letter is indeed unclear and misleading.

Defendant explains that the itemization in the collection letter was harmless. It cites to the courts in *Hahn* and *Fields* to support its assertion. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755 (7th Cir. 2009); *Fields v. Wilber Law Firm P.C.*, 383 F.3d 562 (7th Cir. 2004). However, Defendant does so in error. In *Hahn*, the collection letter signified an "amount due" and "interest due" which was an attempt to explain to the debtor that interest had accrued on her account since the collector bought the debt from the original creditor. *Hahn*, 557 F.3d at 756. The court went on to say that "[c]lassifying obligations in a way that helps consumers to understand what *has happened* cannot be condemned as a false statement about the debt's character." *Id.* at 757 (emphasis added). Here, nothing "has happened" in a way such as in *Hahn* that would necessitate these classifications. Interest, fees, nor additional charges of any kind had been added to Plaintiff's account. (Dkt. #10, p. 1). This is much unlike the circumstances in *Hahn* where interest had been added in this interim period. Defendant was not seeking to explain any changes to Plaintiff's alleged debt. Why then did Defendant feel it was necessary to add this itemized listing of additional charges if none had been added? It was merely seeking to subtly coerce Plaintiff into believing that more charges could come if he did not pay in full at the time. *Hahn* is not useful to Defendant's argument here.

Next, Defendant asserts that the account listing itemization in the collection letter is compliant with the FDCPA because, as the court stated in *Fields*, it "itemize[s] the various charges that comprise the total amount of the debt." *Fields*, 383 F.3d at 566. However, Defendant's reliance on *Fields* is misguided as well. In *Fields*, the letter at issue indicated that the debtor owed a total

of $388.84 which was comprised of the original debt amount of $122.06, $250 of attorney's fees, and other charges. *Id.* at 563. The court found that the plaintiff stated a claim for relief under § 1692e and §1692f because the letter was confusing as it did not explain or detail what the additional charges were or break down each category of fees that made up the total amount of debt. *Id.* at 566. The instant case is much unlike the case in *Fields*. Plaintiff's alleged debt was not comprised of different charges that needed to be explained. As stated earlier, Plaintiff's alleged debt had not increased from the time of charge off to the time that the letter was sent. Therefore, no itemization like what was found in *Fields* was necessary here. Defendant simply had to list the total amount of $1,946.95 that Plaintiff owed. It was not necessary, therefore, to itemize or categorize anything beyond that.

Defendant also addresses that in the recent case of *Delgado v. Client Services, Inc.*, Judge Ellis dismissed a case brought on a similar claim, but with a different letter than the one used in the present case. *Delgado v. Client Services, Inc.*, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018). Defendant glances over *Wood v. Allied Interstate*, in which Judge Feinerman more recently examined an identical letter in this case and found that dismissal was inappropriate as the court was unable to determine whether the letter was deceptive or misleading as a matter of law. *Wood v. Allied LLC,* 2018 2967061 (N.D. Ill June 13, 2018).

Defendant examines the case of *Dick v. Enahnced Recovery Company* to illustrate that other courts have found similar letters to not be misleading as a matter of law. *Dick v. Enhanced Recovery Co.,* 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016). Defendant additionally cites to the eleventh circuit case of *Jones v. Professional Finance Company, Inc.,* to attempt to demonstrate the same issue. *Jones v. Professional Finance Co., Inc.,* 2017 WL 6033547 (S.D. Fla. Dec. 4, 2017). It would be ill advised, however, to apply the rationale of these our of circuit cases in the

case, as the different circuits are employing different standards when reviewing potential FDCPA violations. The standard applied in the Second and Eleventh Circuits is that of the least sophisticated consumer, which is and objective standard rendering the language in collective letters more susceptible to judicial determination. *Id.* The Seventh Circuit, however, does not follows the unsophisticated consumer standard for FDCPA cases, and these cases should therefore be disregarded.

Under the unsophisticated consumer standard, Defendant's letter is deceptive and misleading. When ruling on a 12(b)(6) motion, the Seventh Circuit has "cautioned that a district court must tread carefully before holding that a letter is not confusing as a matter of law . . . because 'district judges are not good proxies for the 'unsophisticated consumer' whose interest the statute protects.'" *McMillan v. Collection Prof'ls Inc.*, 455 F.3d 754, 759 (7th Cir. 2006) (quoting *Walker v. Nat'l Recovery, Inc.*, 200 F.3d 500, 501-03 (7th Cir. 1999)). "'[W]hat seems pellucid to a judge, a legally sophisticated reader, may be opaque' to the unsophisticated consumer." *Id.*, quoting *Johnson v. Revenue Mgmt. Corp.*, 169 F.3d 1057, 1060 (7th Cir. 1999).

Defendant claims that to read its account listing of various zero balance fees and interest to mean that fees and interest could be added in the future is nonsensical. (Dkt. #10, p. 4). However, Defendant does not explain how or why it came to this conclusory statement. Defendant's graphical account listing to Plaintiff states:

| **Principle Balance** | **Interest Placed** | **Interest Rate** | **Interest Added** | **Fees** | **Collection Costs** | **Amount Owed** |
|---|---|---|---|---|---|---|
| $1,946.95 | $0.00 | 0.000% | $0.00 | $0.00 | $0.00 | $1,946.95 |

(Exhibit C, Collection Letter, Dkt. #1-1).

A statement by a debt collector is deceptive when there are at least two different reasonable meanings, and one (or both) of them is inaccurate, and is misleading if it implies the possibility of

7

an action that is impossible or unlikely under the specific facts. *Velez v. Enhanced Recovery Company, LLC*, 2016 WL 1730721, No. 16-614, *3 (E.D. PA. May 2, 2016). Here, the account listing indicates that, as of the time of the letter, no additional charges were added to Plaintiff's alleged debt. Defendant asserts that this is the only way that this information could be interpreted. Why couldn't an unsophisticated consumer logically conclude that additional charges may incur if the current balance is listed as zero? In *Tylke*, the court stated that a letter containing a zero-balance listing was susceptible to being interpreted incorrectly. The collection letter at issue there relayed a balance to the debtor accompanied with a statement saying, "The above balance due includes a Verizon Wireless Collection Fee of $0.00." *Tylke v. Diversified Adjustment Service, Inc.*, 2014 WL 5465173 at *1 (E.D. WI. Oct. 28, 2014). The court found that the inclusion of the statement had the capability to mislead the unsophisticated consumer. *Id.* at *3. "There are several possible ways the statement could be interpreted." *Id.* The court goes on to give multiple examples in which the statement could have been interpreted then states, "In other words, the inclusion of a collection fee, *even one showing a balance of zero*, could imply the future possibility of one." *Id.* (emphasis added).

Although not binding, *Tylke* is very persuasive in finding that Defendant's inclusion of the itemized account listing was misleading. As the court in *Tylke* contemplated, there are multiple ways in which this listing can be interpreted by the unsophisticated consumer. He may assume that charges were not added and would never be added *or* that charges were not added but could be added in the future if he did not pay. Because the account listing was not clear, Defendant's argument must fail and its motion should be denied.

Further, Defendant argues that a significant portion of the population would not be misled by its letter, quoting from the court in *Zemeckis*. *Zemeckis v. Glob. Credit & Collection Corp.*, 679

F.3d 632, 636 (7th Cir. 2014). However, this reliance upon *Zemickis* is misguided because Plaintiff has not brought any § 1692(g)(b) claims against Defendant. Thus, *Zemeckis* is inapplicable to the case at hand. Likewise, Defendant's reliance on *Gruber v. Creditors' Protection Service, Inc*, which was brought under §1692(g)(a)(4) is inapplicable. *Gruber v. Creditors' Prot. Serv., Inc.,* F. 3d 271 (7th Cir. 2014).

## **CONCLUSION**

Wherefore, for the foregoing reasons, Plaintiff Jennifer Coletta respectfully requests that this Court deny Defendant Allied's Motion to Dismiss or, in the alternative, allow Plaintiff an opportunity to amend his Complaint.

Respectfully submitted,

By: s/Celetha C. Chatman
One of Plaintiff's Attorneys

Michael Wood
Celetha Chatman
**Community Lawyers Group, Ltd.**
73 W. Monroe Street, Suite 514
Chicago, IL 60603
Ph: (312) 757-1880
Fx: (312) 265-3227
mwood@communitylawyersgroup.com
cchatman@communitylawyersgroup.com

9

## **CERTIFICATE OF SERVICE**

      I, Celetha Chatman, an attorney, hereby certify that on September 26, 2018, I electronically filed the foregoing document using the CM/ECF system, which will send notification of such filing to all attorneys of record.

**Dated: September 26, 2018**　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　By:　/s/ *Celetha Chatman*