IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER COLETTA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 18 CV 4014 |
| | ) | |
| ALLIED INTERSTATE, LLC, | ) | Judge Robert W. Gettleman |
| | ) | |
| Defendant. | ) | |

# ORDER

Plaintiff Jennifer Coletta alleges that she was misled by a debt collection letter from defendant Allied Interstate, LLC, which said that she owed her creditor, Synchrony Bank, $1,946.95 in principle, $0 in fees, and $0 in collection costs:[1]

Account Listing

| Client | Principle Balance | Interest Placed | Interest Rate | Interest Added | Fees | Collection Costs | Amount Owed |
|---|---|---|---|---|---|---|---|
| XXXXXXXXXXXX2885 | $1946.95 | $0.00 | 0.000 % | $0.00 | $0.00 | $0.00 | $1946.95 |
| Totals | $1,946.95 | $0.00 | | $0.00 | $0.00 | $0.00 | $1,946.95 |

According to plaintiff, this account listing misled her into thinking that fees or collection costs could later accrue on her debt. Those fees, in fact, could not accrue—her debt had been "charged off." She sued, alleging that defendant violated the Fair Debt Collection Practices Act ("FDCPA") by, (1) failing to effectively state the amount of the debt, in violation of 15 U.S.C.

---

[1] Well-pled facts from plaintiff's complaint are presumed true for resolving defendant's motion to dismiss. Virnich v. Vorwald, 664 F.3d 206, 212 (7th Cir. 2011).

§ 1692g(a)(1), and (2) falsely threatening to collect fees and collection costs, in violation of 15 U.S.C. § 1692e. Defendant moves to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that plaintiff has failed to state a claim. For the following reasons, defendant's motion is granted.

## **DISCUSSION**

To survive defendant's motion to dismiss, plaintiff's complaint must give fair notice of her claims and the grounds on which they rest. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Her complaint must contain enough facts to state claims that are plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted), citing id. at 570. Her claims are plausible if the court can "draw the reasonable inference" that defendant is liable for what she alleges. Id. In reviewing the complaint, the court takes plaintiff's facts as true and draws all inferences in her favor, but the court need not accept her legal conclusions. Id. Plaintiff need not "delineate every detail of [her] legal theory," Robertson v. Allied Solutions, LLC, 902 F.3d 690, 695 (7th Cir. 2018), or plead "facts corresponding to the elements of a legal theory." Chapman v. Yellow Cab Cooperative, 875 F.3d 846, 848 (7th Cir. 2017).

Because plaintiff's claims arise under the FDCPA, the collection letter that she received is evaluated "from the standpoint of an unsophisticated consumer." Fields v. Wilber Law Firm, P.C., 383 F.3d 562, 564 (7th Cir. 2004). The unsophisticated consumer standard "assumes that the debtor is uninformed, naive, or trusting," but has "rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences." Id. (citations and quotation marks omitted). The standard "admits an objective element of reasonableness" that "protects debt collectors from liability for unrealistic or peculiar interpretations of collection

2

letters." Jang v. A.M. Miller & Associates, 122 F.3d 480, 484 (7th Cir. 1997) (citations and quotation marks omitted). District judges should "tread carefully before holding that a letter is not confusing as a matter of law," because they "are not good proxies for the unsophisticated consumer whose interest the statute protects." McMillan v. Collection Professional Inc., 455 F.3d 754, 759 (7th Cir. 2006) (quotation marks omitted).

Plaintiff alleges that defendant, (1) failed to effectively state the amount of the debt, in violation of § 1692g(a)(1), and (2) falsely threatened to collect fees and collection costs, in violation of § 1692e.

1. **Section 1692(g)(a)(1)**

Plaintiff claims that defendant violated § 1692g(a)(1), which required defendant to accurately state "the amount of debt" that plaintiff owed. Her claim, however, is undermined by her own theory. If no fees or collection costs were ever going to be assessed on her debt, then $1,946.95 is all that she owed—which is precisely what defendant's letter said. Moreover, in her response, she failed to address defendant's arguments for dismissal. Plaintiff has failed to state a claim under § 1692g(a)(1).

2. **Section 1692e**

Plaintiff also claims that defendant violated § 1692(e) by falsely threatening to collect fees and collection costs. Her claim turns on a conclusory statement couched as a factual allegation: "no fees or collection costs were ever going to be assessed on the alleged debt, as it had been charged off." This allegation is ambiguous—it could mean that defendant, (1) could not legally charge fees or collection costs, or (2) did not intend to charge fees or collection costs.

3

Either way, it tracks § 1692e(5), which provides that "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken" is a violation of the statute. Such "[t]hreadbare recitals of the elements of a cause of action," however, "supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Consequently, plaintiff has failed to state a claim under § 1692e.

Even if plaintiff had alleged enough facts to infer that defendant would never have assessed fees on her debt, the court finds persuasive Judge Ellis's recent order and opinion in Delgado, which dismissed claims nearly identical to those that plaintiff brings here. Delgado v. Client Services, Inc., No. 17 CV 4364, 2018 WL 1193741 (N.D. Ill. Mar. 7, 2018). That plaintiff alleged, as does plaintiff here, that he was misled by a debt collection letter listing zero-dollar amounts for "Other Charges," when, in fact, the debt collector did not intend to collect such charges. Id. at *1. Although whether a letter is deceptive usually "is a question of fact that a court cannot determine" on a motion to dismiss, wrote Judge Ellis, courts may nonetheless find letters non-misleading as a matter of law when they "plainly, on their face, are not misleading or deceptive." Id. at *2, quoting Boucher v. Finance Systems of Green Bay, Inc., 880 F.3d 362, 366 (7th Cir. 2018). It plainly was not misleading to list $0 for "Other Charges": "[T]he Letter is clear. Delgado . . . alleges that 'no interest was due to be assessed on the alleged debt, nor were any other charges.' This is exactly what the Letter reflected. The FDCPA does not require [debt collectors] to note that an amount will not increase . . . ." Id. at *4 (citation omitted).

4

The court also finds persuasive, as did Judge Ellis, another district court opinion that dismissed similar claims. Dick v. Enhanced Recovery Co., LLC, No. 15 CV 2631, 2016 WL 5678556 (E.D.N.Y. Sept. 28, 2016) (dismissing claims that a debt collector violated § 1692e by sending a letter that listed "$0.00" in "Non-Interest Charges & Fees"), cited in Delgado, No. 17 CV 4364, 2018 WL 1193741 at *3–4. Applying the Second Circuit's "least sophisticated consumer" standard—a standard similar to this circuit's "unsophisticated consumer" standard—the court found that a debt collector's letter was, as a matter of law, not misleading, reasoning that:

> [The debt collector's] breakdown of the amount owed, which includes "Non-interest Charges and Fees: $0.00," cannot plausibly be construed as a threat that non-interest charges and fees will be charged in the future. Even the least sophisticated consumer would not read that language as a threat of future charges, especially in light of the fact that the notation is included in an itemized accounting of the debt, the Letter separately lists the total amount of the debt, and the Letter provides payment plan options. There is no reason to believe that an unsophisticated consumer would assume, contrary to the plain language of the notice, that the itemized list including non-interest charges and fees was anything but a breakdown of the debt owed.

Dick, No. 15 CV 2631, 2016 WL 5678556 at *6. Here, too, the letter that plaintiff received itemized her debt, listed her total debt, and offered her payment plan options. Under these circumstances, even an unsophisticated customer could not interpret "$0.00" in "Collection Costs" as a latent threat. The court thus agrees with the slim majority of courts that have considered, and dismissed, claims that zero-dollar fees violate § 1692e. Compare Delgado, No. 17 CV 4364, 2018 WL 1193741; and Dick, No. 15 CV 2631, 2016 WL 5678556; and Jones v. Professional Finance Company, Inc., No. 17 61435 CIV, 2017 WL 6033547 (S.D. Fla. Dec. 4,

5

2017) (dismissing a claim that a debt collector violated § 1692e by sending a letter that listed "$0.00" in "Fees"); with Wood v. Allied Interstate, LLC, No. 17 C 4921, 2018 WL 2967061 (N.D. Ill. June 13, 2018) (declining to dismiss a claim that a debt collector violated § 1692e by sending a letter that listed "$0.00" in "Fees" and "Collection Costs"); and Tylke v. Diversified Adjustment Serv., Inc., No. 14 CV 748, 2014 WL 5465173 (E.D. Wis. Oct. 28, 2014) (declining to dismiss a claim that a debt collector violated § 1692e by sending a letter stating that the plaintiff's "balance due includes a . . . Collection Fee of $0.00").

## CONCLUSION

Defendant's motion to dismiss [Doc. 10] is granted. This case remains set for a report on status on December 12, 2018, at 9:00 a.m.

**ENTER:**     **December 12, 2018**

**Robert W. Gettleman**
**United States District Judge**